IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:21-CV-94-FL

| | |
|---|---|
| KAROLINA SORENSSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA; )<br>AUGUSTUS WILLIS, IV, a/k/a Gus, NC )<br>Prosecutor; DONALD NEWMAN & )<br>ASSOCIATES, Any and all Lawyers & )<br>Entities Involved; JOSHUA TETTERTON )<br>& ASSOCIATES, Any and all; )<br>CARTERET COUNTY HEALTH CARE; )<br>CARTERET COUNTY SUPERIOR )<br>COURT; ASA BUCK, Sheriff; NC STATE )<br>BAR; JUDGE NOBLES, Superior Court )<br>Carteret; JUDGE CHERRY; MACK )<br>ALEXANDER; and DA THOMAS. )<br>)<br>Defendants. ) | ORDER |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1-1, 6, 8, 11),[1] pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered order and memorandum and recommendations ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint in part. (DE 12). Plaintiff objected to the M&R. In this posture, the issues raised are ripe for

---

[1] The court construes all four filings as plaintiff's operative complaint, as the M&R does. (See M&R (DE 12) at 3).

ruling. For the following reasons, the court dismisses plaintiff's complaint in part and allows it to proceed in part, as set forth herein.

## BACKGROUND

Plaintiff initiated this action July 9, 2021, by moving for leave to proceed in forma pauperis. In the instant order and M&R, the magistrate judge allowed plaintiff to proceed in forma pauperis and, on frivolity review, recommended that portions of plaintiff's claims be allowed to proceed against a limited number of defendants[2] but that plaintiff's other claims be dismissed.[3] Specifically, the M&R recommends that plaintiff's claims, pursuant to 42 U.S.C. § 1983, based on the following alleged constitutional violations should be allowed to proceed: 1) due process violations by defendants Sheriff Asa Buck ("Buck") and Carteret County; 2) Fourth Amendment violations based on a) false arrest, arising from plaintiff's alleged misuse of the 911-system, b) malicious prosecution, arising from a charge against plaintiff for malicious conduct by a prisoner, and c) excessive force, by defendant Deputy Shawna Enderle ("Enderle");[4] and 3) equal protection violations, based on selective prosecution by defendants North Carolina, Carteret County, District Attorney Scott Thomas ("Thomas"), Assistant District Attorney August Willis IV ("Willis"), Buck, and Enderle.

---

[2] Like the M&R, the court, irrespective of plaintiff's self-styled caption, construes her claims as targeting North Carolina, the North Carolina State Bar, Carteret County, District Attorney Scott Thomas, Assistant District Attorney Augustus Willis IV, Patrick D. Newman, Patrick Donald Newman & Associates, Mason Miller, Joshua Tetterton & Associates, Carteret Health Care, Sheriff Asa Buck, Deputy Sheriff Shawna Enderle, Deputy Sheriff Null or Mull, the Superior Court for Carteret County, and Judges Nobles, Cherry, Mack, and Karen Alexander. (M&R (DE 12) at 1 n.1).

[3] The magistrate judge also denied without prejudice plaintiff's motion for leave to file a USB drive and denied her motion to appoint counsel. The court has no reason to reconsider those rulings where "it has [not] been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

[4] The magistrate judge also recommends that plaintiff's claim for malicious prosecution and false arrest proceed under state law as viable claims of tortious conduct.

2

On April 8, 2021, plaintiff sought additional time to file objections to the M&R, while also identifying certain ostensible errors in the M&R. (DE 14). On April 26, 2022, she filed her objections. (DE 15).

Although plaintiff objects to the M&R's recitation of facts underlying her claims, as derived from her scattered filings, the alleged imprecisions are not meaningful to the instant legal analysis. Therefore, the court adopts and incorporates herein by reference in full the M&R's factual summary. (See M&R (DE 12) at 3-7). As to the scattered additional factual allegations in plaintiff's objections, they are not before the court properly and, moreover, fail to alter the court's legal conclusions herein.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.   Analysis

The magistrate judge recommends dismissal of a subset of plaintiff's claims, brought pursuant to 42 U.S.C. § 1983,[5] on the grounds that those claims seek monetary relief against a defendant who is immune from such relief or otherwise fail to state plausible claims for relief. Although plaintiff filed an objection, it fails to challenge the majority of the M&R's analysis and legal conclusions, and, thus, the court reviews that generally objected to portion of the M&R only for clear error.

Upon careful review of the M&R and the record in this case, the court finds that portion of the magistrate judge's analysis to be thorough, and there is no clear error. For the reasons explained by the magistrate judge, defendants Willis, Thomas, Judge Nobles, Judge Cherry, Judge Karen Alexander, and Judge Mack, are absolutely immune from monetary liability for the conduct alleged. (M&R (DE 12) at 15-18). As for plaintiff's claims against defendants Patrick D. Newman, Patrick Donald Newman & Associates, Joshua Tetterton & Associates, Mason Miller, Carteret Health Care, and Deputy Null/Mull, they fail to state a claim upon which relief can be granted. (See id. at 19-20).

Plaintiff, however, does raise a specific objection to the M&R's analysis of sovereign immunity, as implicates, particularly, dismissal of her claims against defendants North Carolina, North Carolina State Bar, and Superior Court of Carteret County. Plaintiff contends that the state has waived its sovereign immunity through enactment of the State Tort Claims Act, N.C. Gen. Stat. § 143-299, (the "act").

---

[5]   The magistrate judge construed plaintiff's claims as being brought pursuant to 42 U.S.C. § 1983 primarily, (M&R (DE 12) at 12), and the court concludes the same. Although plaintiff raises the State Tort Claims Act, N.C. Gen. Stat. § 143-299, as a possible basis for recovery in her objection, the court addresses the inapplicability of that statute below.

4

The Eleventh Amendment to the United States Constitution "provides that the 'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States' by citizens of another State, and (as interpreted) by its own citizens." Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618 (2002) (omissions in original) (quoting U.S. Const. amend. XI); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference to actions 'against one of the . . . States' [in the Eleventh Amendment] encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). A state "may directly and affirmatively waive its Eleventh Amendment immunity in a state statute or constitutional provision, as long as the provision explicitly specifies the state's intention to subject itself to suit in federal court." Litman v. George Mason Univ., 186 F.3d 544, 550 (4th Cir. 1999) (emphasis added) (quotation omitted). Yet, "a court may not find a waiver absent an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." Id. (emphasis added).

By passage of the State Tort Claims Act, "[North Carolina] partially waived its sovereign immunity by consenting to direct suits brought as a result of negligent acts committed by its employees in the course of their employment." Teachy v. Coble Dairies, Inc., 306 N.C. 324, 329, (1982) (emphasis added); White v. Trew, 366 N.C. 360, 363 (2013). However, this does not necessarily constitute a waiver of Eleventh Amendment immunity, as privileges one of the States from suit in federal court. Cf. Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 753 (2002) ("[T]he Eleventh Amendment does not define the scope of the States' sovereign immunity; it is but one particular exemplification of that immunity."). Further, even a liberal reading of plaintiff's pleadings does not reveal a claim pursuant to the State Tort Claims Act, given that she

5

does not allege any negligence by the state actors and, rather, relies on allegations of malice. White, 366 N.C. at 363 (explaining that "intentional acts of [state employees] are not compensable" under the act). Finally, plaintiff's claim under that statute has not been properly channeled to the North Carolina Industrial Commission as imagined by that statutory scheme. N.C. Gen. Stat. § 143-291(a) ("The North Carolina Industrial Commission is hereby constituted a court for purpose of hearing and passing upon tort claims against . . . all . . . departments, institutions, and agencies of the State."); id. § 143-293 (explaining how appeal of an order by the Commission must be made to the Court of Appeals for North Carolina); see Presnell v. Pell, 298 N.C. 715, 721 (1979) ("As a general rule, where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before resource may be had to the courts.").

Plaintiff's objection, even where specific, fails to identify an error in the M&R's analysis that this court need correct on de novo review. Under 28 U.S.C. § 1915(e)(2), plaintiff's claims against defendants North Carolina, North Carolina State Bar, and Carteret County Court fail to state a claim upon which relief may be granted and/or seek monetary relief against a defendant who is immune from such relief. See also Sweatt v. Maryland, No. 89-3231, 1989 WL 126582, at *2 (4th Cir. Oct. 17, 1989) ("[T]he Maryland District Court of Charles County, which was established by the State of Maryland, as creation of the state, is not a 'person' for purposes of § 1983[.]").

Relatedly, on its review for clear error, the court does not adopt the M&R's recommendation in one part: plaintiff's selective prosecution claim against defendant North Carolina will not proceed and is, instead, dismissed. A "selective prosecution" claim is premised on equal protection principles flowing from the United States Constitution. United States v.

6

Case 4:21-cv-00094-FL   Document 16   Filed 07/07/22   Page 6 of 8

Armstrong, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is . . . an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."). Accordingly, while such a violation presumably could be brought under § 1983, see, e.g., Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003), a state is not a person under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd., 31 F.4th 238, 258 (4th Cir. 2022). Defendant North Carolina, thus, cannot be sued for plaintiff's selective prosecution claim under § 1983.

## CONCLUSION

Based on the foregoing, the court ADOPTS IN PART and REJECTS IN PART the recommendations in the M&R (DE 12). Plaintiff's claims are allowed to proceed in part and are dismissed in part as set forth herein. The following claims under 42 U.S.C. § 1983 and state law may proceed:

1. Due process claims against defendants Carteret County and Buck;
2. Fourth Amendment claims, as described herein, and related state tort law claims against defendant Enderle;
3. Equal protection claims against defendants Carteret County, Thomas, Willis, Buck, and Enderle.

Plaintiff's claims are DISMISSED in remaining part. The clerk is DIRECTED to amend the caption to reflect that the defendants to this action are Carteret County; Scott Thomas, District Attorney; August Willis IV, a.k.a. Gus, Assistant District Attorney; Asa Buck, Sheriff; and Shawna Enderle, Deputy Sheriff. The clerk is DIRECTED to issue the summonses for said defendants and to transmit them with the complaint (comprising (DE 1-1, 6, 8, 11)) for service upon said

defendants by a United States marshal or deputy marshal in accordance with Rule 4(c)(3) of the Federal Rules of Civil Procedure.

SO ORDERED, this the 7th day of July, 2022.

                                                      LOUISE W. FLANAGAN
                                                      United States District Judge