IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:21-CV-094-FL

| | |
|---|---|
| KAROLINA SORENSSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>AUGUST WILLIS, IV, a/k/a Gus, Assistant )<br>District Attorney, ASA BUCK, Sheriff, )<br>SCOTT THOMAS, District Attorney, )<br>SHAWNA ENDERLE, Deputy Sheriff, )<br>CARTERET COUNTY, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Scott Thomas and August Willis, IV. (DE 37). The issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Pro se plaintiff initiated this action July 9, 2021, by filing a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, along with a complaint relying on handwritten descriptions of information on a USB drive.[1] Upon notice from the clerk of deficiencies in her filing, plaintiff filed documents entitled "Motion for Leave to Manually File USB," "Statement of

---

[1] Plaintiff has litigated a number of other cases in this district: 4:16-cv-298-BO (closed December 21, 2018); 4:17-cv-00067-D (closed July 17, 2018), 4:18-cv-00042-D (closed July 17, 2018), 4:19-cv-00166-FL (closed February 18, 2022); 4:22-cv-00013-FL (closed August 29, 2022); 4:23-cv-00002-FL (filed January 11, 2023); 4:23-cv-00011-FL (filed February 1, 2023).

Case," "Motion to Appoint Counsel," "Short and Plain Statement of Plaintiff Karolina Sorensson Claims," and "To Whom it May Concern."

By order and memorandum and recommendation ("M&R"), Magistrate Judge Kimberly A. Swank allowed plaintiff to proceed in forma pauperis, and, on frivolity review, considering plaintiff's complaint and all documents theretofore filed by her, recommended that the following be allowed to proceed: claims under 42 U.S.C. § 1983 and the Fourth Amendment against Shawana Enderle ("Enderle"); claims under the Fourteenth Amendment's due process clause against Asa Buck ("Buck") and Carteret County; and claims for selective prosecution under the Fourteenth Amendment's equal protection clause against the State of North Carolina, Scott Thomas ("Thomas"), August Willis ("Willis"), Carteret County, Buck, and Enderle. The magistrate judge denied plaintiff's motion to file a USB drive and her motion to appoint counsel.

After obtaining an extension of time, plaintiff filed objections to the M&R. The court adopted in part and rejected in part the M&R by order entered July 7, 2022, dismissing plaintiff's selective prosecution claim against defendant North Carolina but allowing all other claims deemed not frivolous by the magistrate judge to proceed. The clerk again entered plaintiff's complaint on the docket.

After obtaining extensions of time, defendants Buck, Carteret County, and Enderle answered the complaint and defendants Thomas and Willis filed the instant motion to dismiss. The court entered an initial order under Fed. R. Civ. P. 26(f) governing conference activities, initial disclosures, and the parties' joint status report and proposed discovery plan. Defendants Thomas and Willis filed a motion to stay case scheduling activities pending the court's ruling on the instant motion to dismiss in which all defendants joined; however, plaintiff opposed. The court granted the motion and stayed case activities October 31, 2022.

**STATEMENT OF FACTS**

The relevant facts alleged in plaintiff's operative complaint[2] may be summarized as follows. Plaintiff is a United States citizen and a native of Nicaragua. (See DE 6 at 9). On July 27, 2019, defendant Enderle arrested plaintiff for alleged misuse of the 911 system, and plaintiff vomited during the arrest. (See DE 6 at 7; DE 17-1 at 8-10). Plaintiff subsequently faced criminal charges for malicious conduct by a prisoner and misuse of the 911 system. (See DE 38-1 at 15).

Defendant Thomas was the Carteret County District Attorney, and defendant Willis is an assistant district attorney who was assigned to prosecute the case against plaintiff. (See DE 17-1). According to the complaint, defendant Willis presented plaintiff's criminal defense attorney with a plea bargain that required plaintiff to purchase a one-way ticket to Nicaragua, and plaintiff accepted. (See DE 17-1). Subsequently, plaintiff's malicious conduct by prisoner charge was dismissed, (DE 11 at 3), and plaintiff entered a no contest plea to the misuse of 911 system charge. (DE 38-1 at 22).

**COURT'S DISCUSSION**

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-

---

[2]  Due to plaintiff's pro se status, the court construes documents filed by plaintiff on July 21, 2021, (DE 6), July 27, 2021, (DE 8), and September 3, 2021, (DE 11) as amendments to her complaint at DE 17 and considers them for purposes of the motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). Additionally, the court summarizes in this order only those facts relevant to the instant motion, leaving out plaintiff's allegations against other defendants.

[3]  Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). In considering a Rule 12(b)(6) motion, a court "may consider the complaint itself and any documents that are attached to it," CACI International, Inc. v. St. Paul Fire & Marine Insurance Co., 566 F.3d 150, 154 (4th Cir. 2009), and may "properly take judicial notice of matters of public record." Phillips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009).

B.  Analysis

Plaintiff does not allege facts that, if true, would support a claim for selective prosecution. As the court noted in its previous order, a "selective prosecution" claim is premised on equal protection principles flowing from the United States Constitution, United States v. Armstrong, 517 U.S. 456, 463 (1996), which require that "a decision to prosecute a particular criminal case may not be based upon an unjustifiable factor such as race, religion, or another arbitrary classification." United States v. Hastings, 126 F.3d 310, 313 (4th Cir. 1997).

The standard for alleging a selective prosecution claim "is intended to be a demanding and rigorous one" where there is a "great danger of unnecessarily impairing the performance of a core executive constitutional function and the presumption of regularity that supports prosecutorial decisions." United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996). "The claimant must demonstrate that the . . . prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong, 517 U.S. at 465. "This requires the [party alleging selective prosecution] to establish both that similarly situated individuals of a different race were not prosecuted and that the decision to prosecute was invidious or in bad faith." Olvis, 97 F.3d at

4

743; see also Evans v. Britt, No. 7:13–CV–126–FL, 2015 WL 2450547 (E.D.N.C. May 21, 2015) (holding that "plaintiff's conclusory allegations of discrimination [were] insufficient to establish a selective prosecution claim."). "Defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." Id. at 744. Plaintiff's complaint fulfills neither requirement.

1. Similarly Situated Requirement

Plaintiff has not alleged facts giving rise to an inference that other similarly situated individuals were not prosecuted. She alleges in a letter to the court,

> [a]dditionally, to continue demonstrating the bias and discrimination of the defendants, someone, or some people called and misused the 911 system in Carteret County, yet Carteret Co[unty] [s]heriff and the 911 system never arrested these [c]aucasian individuals that called pranking 911 300 times! I should have the article by reputable TV media resources. The incident of the 300 prank calls to Carteret Co[unty] 911 . . . happened between the year I was being maliciously prosecuted and discriminated against by defendants.

(DE 17 at 16) (emphasis removed). Plaintiff does not identify any individuals who called 911 without a valid reason, and she alleges no facts that support an inference that such individuals would not be prosecuted. Plaintiff's opposition brief does not address this requirement, (see DE 43 at 5), and though her complaint calls the 911 charge "bogus," plaintiff does not specify any individual who misued 911 within the relevant time frame and was not charged. (DE 17 at 13). Accordingly, plaintiff's claim against defendants Thomas and Willis must be dismissed.

2. Invidiousness or Bad Faith Requirement

In addition and in the alternative, plaintiff has not shown that the decision to prosecute her was invidious or in bad faith. Plaintiff alleges that defendant Willis and her own attorney "pushed [her] to purchase a one way ticket to [her] place of birth, Managua, Nicaragua" as a condition of having her charges dropped. (DE 17 at 13) (emphasis removed). Plaintiff states in addition, "they

5

were deporting a US citizen (myself), although I did not have prior charges and [defendant] Willis stated that I was a persona non grata." (Id. at 14) (emphasis removed). Construing the complaint liberally, the court interprets these allegations as an attempt to show that defendants Willis and Thomas decided to prosecute plaintiff in order to effect her removal from the country.

Plaintiff submitted one email from defendant Willis for the court's consideration. That email, addressed to plaintiff's criminal defense attorney and dated April 14, 2020, states in its entirety,

> My thought on this case is to offer a plea to a class two RDO. I'd be fine with unsupervised probation in light of her treatment and plans to move out of state. We can do it most any day – just let me know your availability.

(DE 11-1). Plaintiff also submitted for the court's consideration several emails in which her criminal defense attorney explains both that defendant Willis offered to allow plaintiff "to plead guilty to [a misdemeanor] [m]isuse of 911 [s]ystem in lieu of the felony [m]alicious [c]onduct by [p]risoner charge," (DE 11 at 7), if she could "produce a one-way plane ticket out of the country," (id.), and his "reason for the unconventional offer." (DE 17-4 at 4). According to plaintiff's attorney, plaintiff "wanted to go to family in Nicaragua," (DE 11 at 7), and defendant Willis "wanted to facilitate that." (DE 17-4 at 4). Plaintiff's attorney explained further that everyone involved understood that plaintiff is "a US citizen," (DE 11-4), and that if plaintiff chose to remain in the United States the state simply would "insist on supervised probation," (DE 11 at 6), during which time plaintiff "would not be able to leave the country at all." (DE 11-4).

Set against the factual backdrop provided by plaintiff's submissions to this court, particularly the state's offer to place plaintiff on supervised probation if she elected to remain in Carteret County, plaintiff's claim that defendants Thomas and Willis targeted her for prosecution in order to remove her from this country is an "unreasonable conclusion" that this court "need not

6

accept as true." Nemet Chevrolet, Ltd., 591 F.3d at 253. Accordingly, her claim for selective prosecution against defendants Thomas and Willis must be dismissed.

Plaintiff argues in her opposition brief that the "obsession of the defendants to intimidate [her] and use [her] ethnicity and nationality and nationality against [her] shows their malicious prosecution." (DE 43 at 4). The documents attached to the complaint, however, do not show any effort to intimidate plaintiff, and plaintiff has alleged no facts that would support such an inference. This argument therefore is without merit.

## CONCLUSION

Based on the foregoing, the motion to dismiss filed by defendants Willis and Thomas is granted. (DE 37). Plaintiff's claims against defendants Willis and Thomas are DISMISSED for failure to state a claim upon which relief can be granted. The clerk is directed to terminate defendants Willis and Thomas as parties in this case. Plaintiff's claims against defendants Carteret County, Buck, and Enderle may proceed as set forth in the court's July 7, 2022, order; accordingly, the court LIFTS the stay entered October 31, 2022. The remaining parties are DIRECTED, according to the requirements set forth in the court's September 16, 2022, order, to hold a Rule 26(f) conference within 21 days after entry of this order and to file a joint report and plan within 14 days after the conference.

SO ORDERED, this the 18th day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge