IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:21-CV-094-FL

| | |
|---|---|
| KAROLINA SORENSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| ASA BUCK, Sheriff, SHAWNA | ) |
| ENDERLE, Deputy Sheriff, and | ) |
| CARTERET COUNTY, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on as plaintiff's motion for "expedited judgment" (DE 51) and defendants' motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution (DE 64). A complete summary of the background of this action is set forth in this court's June 12, 2024, order, to which reference is made. The court necessarily takes up first defendant's motion which motion, for reasons given below is allowed. Plaintiff's motion therefore is rendered moot.

**COURT'S DISCUSSION**

A.  Motion to Dismiss for Failure to Prosecute

Federal Rule of Civil Procedure 41(b) provides that an action may dismissed if "the plaintiff fails to prosecute or comply with" the rules of civil procedure "or a court order." In considering whether to dismiss a case for failure to prosecute, the "court must balance 1) the degree of personal responsibility of the plaintiff, 2) the amount of prejudice caused the defendant, 3) the

existence of a drawn-out history of deliberately proceeding in a dilatory fashion, and 4) the existence of sanctions less drastic than dismissal." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Here, all four factors weigh in favor of dismissal.

    1.    Personal Responsibility of Plaintiff

Plaintiff, who is proceeding pro se, is personally responsible both for failing to accept service of discovery requests attempted to be served upon her by certified mail at her address of record, and for failing to respond to discovery requests sent to her email address. See (DE 60-1 at 2) (informing plaintiff by letter that the discovery requests enclosed were "the exact same discovery requests that [counsel] served upon her via" the email plaintiff listed on documents filed with the court, which plaintiff "never confirmed or acknowledged receiving); (DE 70 at 1) (listing the email address on which defendants served discovery requests as part of plaintiff's motion for extension of time); (DE 60-2 at 2) (payment receipt for package sent October 27, 2023); (DE 60-3 at 2-3) (attempting twice to serve on plaintiff by email defendants' first set of interrogatories and requests for production of documents to plaintiff Karolina Sorensson and defendants' first set of requests for admission to plaintiff Karolina Sorensson); (DE 60-8 at 2) ("Your item was refused by the addressee . . . and is being returned to the sender); (DE 65-1 at 2-3) (showing a first class mail envelope returned as undeliverable and an unsigned certified mail receipt); (DE 65-2 at 2-3) (same); (DE 65-3 at 2-3) (showing a first class mail envelope returned as unclaimed and an unsigned certified mail receipt). This factor therefore weighs in favor of dismissal.

Plaintiff suggests in her filings that she should be excused from these failures on her part due to statements made by opposing counsel. However, content of the flash drive plaintiff submitted, which she maintains contains evidence of such statements, does not support plaintiff's arguments.

The material on the flash drive lacks evidentiary value because there is no basis for authenticating or identifying same. Plaintiff alleges that one of the calls recorded and stored on the flash drive is a September 18, 2023, call from opposing counsel to plaintiff. (See DE 51 at 1). However, plaintiff has not produced evidence sufficient to support a finding that it is what she represents it to be, Fed. R. Evid. 901(a), such as "evidence that the [telephone] call was made to the number assigned at the time to" opposing counsel. Id. at 901(b)(6)(A).

Notwithstanding that fatal defect, the court has reviewed the contents of recording, and there is no basis to find that it supports the substance of plaintiff's allegations. The video shows only the upper portion of a laptop keyboard, and the audio plays a conversation between plaintiff and unidentified speaker in which both parties use obscenities. The speaker is never identified or represented to be opposing counsel. At the one minute and 53 second mark, the recording cuts abruptly to a voicemail from a speaker who identifies himself as opposing counsel, and whose voice is unlike that of the previously unidentified speaker. The voicemail from the speaker who identifies himself as opposing counsel simply asks for plaintiff's current address, where previous attempts to serve her with discovery via certified mail were returned as undeliverable. The voicemail is professional in tone, and no obscenities are used. Thus, plaintiff's allegations of inappropriate statements by opposing counsel are without basis in fact. In sum, even if plaintiff's proffered evidence could be said to have evidentiary value, which it does not, the media tendered to the court does not support her allegations.

Plaintiff has not been excused from participation in the discovery process. No valid grounds excusing her failure to participate have been presented. Thus, this factor weighs in favor of dismissal.

2. Prejudice to Defendants

Plaintiff's failure to participate in the discovery process has prejudiced defendants where, without meaningful participation by plaintiff, defendants cannot prepare effectively for trial. See (DE 60-6 at 25) (serving defendants' first set of interrogatories and requests for production on July 6, 2023); (DE 60-4 at 25) (serving the same unanswered set of interrogatories and requests on October 27, 2023). Plaintiff's conduct also has resulted in "a lengthy delay" between the filing of the complaint and an eventual trial, likely "making testimonial evidence stale." Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990). Finally, plaintiff's conduct appears to have been "deliberate," where she accepted mail sent from the court to her address on file, and continued to contact the court, see (DE 57 at 1) (memorializing a voicemail received by the clerk from plaintiff); (DE 58 at 1) (confirming the accuracy of the plaintiff's address of record), but avoided service of discovery materials. Id. (DE 60-1 at 2) (memorializing several unsuccessful attempts to serve discovery materials upon plaintiff). Accordingly, this factor weighs in favor of dismissal.

3. History of Proceeding in a Deliberately Dilatory Fashion

Plaintiff has exhibited a long history of proceeding in a deliberately dilatory fashion. She twice moved for extensions of the deadline to respond to defendants' instant motion to dismiss for failure to prosecute. See (DE 67) (requesting 60 days' continuance); (DE 70) (requesting 90 days' continuance). Under the case management order entered July 6, 2023, all discovery was to be completed by November 15, 2023. (See DE 46 at 1). However, according to defendants' uncontested representation, plaintiff has not complied with the terms of that order, including by avoiding service of discovery requests. (See DE 60-8 at 2) ("Your item was refused by the addressee . . . and is being returned to the sender). Accordingly, this factor weighs also in favor of dismissal.

4. Other Sanctions

Finally, no sanctions less drastic than dismissal are available. Plaintiff proceeds in forma pauperis, and does not appear to have the means to pay a monetary sanction. (See DE 1). Additionally, plaintiff has disregarded the court's reminder of her "responsibility under Federal Rule of Civil Procedure 1 to act in furtherance of the just, speedy, and inexpensive determination of this action." (DE 73 at 2). This factor therefore weighs in favor of dismissal.

5. In Summary

Where all factors support dismissal, defendants' motion is granted. Plaintiff's action is dismissed with prejudice for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629 (1962) (The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [her] failure to prosecute cannot seriously be doubted."); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) ("The district court had authority under Rule 41(b) to dismiss the case with prejudice . . . for failure to prosecute.").

D. Motion for Expedited Judgment

Plaintiff's motion for expedited judgment is based mainly on asserted conduct by defendants' counsel in communications with plaintiff and asserted business practices of his law firm employer, including ones unrelated to plaintiff. Where the court enters judgment in favor of defendants based on plaintiff's failure to prosecute this case, plaintiff's motion for expedited judgment is directed to be terminated by the clerk on the case docket now as moot.

Notwithstanding that result, even if the court was to assume the motion could be maintained, it would be denied on account of procedural defect. Palpable dislike of and contempt for counsel for the opposition and his employer is not a vehicle for driving towards expedited judgment against Buck, Enderle, and Carteret County, remaining defendants in the case.

And even if it was, the potentially libelous statements made by plaintiff containing obscene and sexually explicit language, which also are the subject of that order entered June 12, 2024, sealing certain case filings, lack evidentiary basis. And so while the court does not engage in consideration of any substantive merit of this procedurally defective motion, if it was to advance in that direction, for this reason, too, the motion would be denied.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss for failure to prosecute (DE 64) is GRANTED, and plaintiff's action is DISMISSED with prejudice for failure to prosecute. Plaintiff's motion for expedited judgment (DE 51) is TERMINATED AS MOOT. The clerk is directed to close this case.

SO ORDERED, this the 14th day of June, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 4:21-cv-00094-FL   Document 77   Filed 06/14/24   Page 6 of 6